[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 12056 RE: DEFENDANT'S MOTION TO STRIKE COUNTS 9, 10 AND 11
The plaintiff, Nayan Champaigne, alleges that Richard Scarso, formerly an investment advisor employed by the defendants, Polaris Group, Inc. and Polaris Financial Services, Inc., stole and converted the plaintiffs money by representing to the plaintiff that he was investing the plaintiffs money in a trust. Scarso allegedly issued false account statements regarding the fictitious trust and deposited the plaintiffs checks in his own account. The plaintiff alleges that Scarso acted as an agent of the defendants, and that the defendants are, therefore, liable under the doctrine of respondeat superior for violations of the Connecticut Unfair Trade Practices Act (CUTPA) based on Scarso's theft and conversion (count nine), fraud (count ten) and breach of fiduciary duties (count ten). The defendants move to strike counts nine, ten and eleven of the plaintiffs amended complaint on the ground that the CUTPA claims alleged in those counts "are preempted by the securities claims in this case."
The plaintiff argues that she is entitled to plead inconsistent claims in her complaint. She argues that she may therefore plead claims under both CUTPA and the Connecticut Uniform Securities Act (CUSA), even though she may not recover under both.
"CUTPA does not apply to deceptive practices in the purchase and sale of securities." Russell v. Dean Witter Reynolds. Inc.,200 Conn. 172. 180. 510 A.2d 972 (1986). "Connecticut has long separated regulation of the purchase and sale of securities from the regulation of unfair trade practices in other industries." Id. 183.
CUSA applies to this transaction if Scarso "offer[ed] or [sold] . . . a security by means of [an] untrue statement of material fact. . . ." General Statutes § 36b-29. "Statutory construction is a question of law. . . . In interpreting statutes, we are guided by well established tenets of statutory construction. [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same subject CT Page 12057 matter." (Internal quotation marks omitted.) Bittle v.Commissioner of Social Services, 249 Conn. 503 ___ A.2d ___ (1999).
The CUSA defines a security as "any note, stock, treasury stock, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, interests of limited partners in a limited partnership, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, certificate of deposit for a security, certificate of interest or participation in an oil, gas or mining title or lease or in payments out of production under such a title or lease, or, in general, any interest or instrument commonly known as a `security', or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase any of the foregoing . . ." General Statutes §36b-3 (17).
Investment in a trust qualifies as an interest "commonly known as a `security.'" General Statutes § 36b-3 (17). The "[t]est for a `security'" is whether the scheme involves an investment of money in the common enterprise with profits to come solely from the efforts of others so that whenever an investor relinquishes control over his funds and submits their control to another for the purpose and hopeful expectation of deriving profits therefrom he is in fact investing his funds in a security." Black's Law Dictionary (5th Ed. 1979); Throstle v.Nimer, 510 F. Sup. 568, 574 (S.D. Ohio 1981). The trust investment the defendant offered meets this definition.
The nonexistence of the trust investment that the plaintiff purchased does not preclude a finding that there was an offer or sale of a security. As Judge Posner stated in his evaluation of a similar situation under federal securities laws.[1] "it is the representations made by the promoters, not their actual conduct, that determine whether an interest is an investment contact (or other security)." S.E.C. v. Lauer, 52 F.3d 667, 670 (7th Cir. 1995). "A central purpose of the securities laws is to protect investors and would-be investors in the securities markets against misrepresentations . . . An elementary form of such misrepresentation is misrepresenting an interest as a security when it is nothing of the kind." Id. Indeed, "[i]t would be a considerable paradox if the worse the securities fraud, the less applicable the securities laws." Id. CT Page 12058
The offered investment trust qualifies as an interest "commonly known as a security"; General Statutes § 36b-3
(17); by meeting the accepted definition of a security. See Black's Law Dictionary, supra; Throstle v. Nimer, supra,510 F. Sup. 574. Furthermore, securities laws are designed to regulate fraudulent transactions such as this. See S.E.C. v.Lauer, supra, 52 F.3d 670. This court concludes, therefore, that CUSA applies to the plaintiffs transaction with Scarso.
The plaintiff argues, however, that the CUTPA claims are not based on the plaintiffs allegations under CUSA, but are instead based on her claims of theft and conversion, fraud, and breach of fiduciary duties. This argument does not alter the court's analysis, however, because in Russell v. Dean Witter Reynolds,Inc., supra, 200 Conn. 172, the Supreme Court decided "not whether CUSA transactions are exempt from CUTPA but whether CUTPA itself can be fairly interpreted to encompass such transactions in the first instance." Id., 178. Because the Connecticut Supreme Court concluded that CUTPA does not regulate securities transactions, it is irrelevant whether the plaintiffs claims are attached to her CUSA claim or to her claims of theft, fraud, and breach of fiduciary duties. The claims are all based on the same underlying factual allegations of a fraudulent securities exchange, a transaction to which CUTPA does not apply. See id.
The court therefore grants the defendants' motion to strike counts seven, eight and nine of the plaintiffs amended complaint, which allege violations of CUTPA.
NADEAU. J.